

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William C. McDonald
County Attorney
Coke County
Robert Lee, Texas

Dear Sir:

Opinion No. O-3026
Re: What is the legal maximum
salary of the County Judge
of Coke County who also is
ex officio County Superin-
tendent, also what fees, if
any, and expenses are subject
to deduction?

Your recent request for an opinion of this de-
partment upon the above stated question has been received.

Article 2701, Vernon's Annotated Civil Statutes,
provides:

"In each county having no school superin-
tendent, the county judge shall be ex officio
county superintendent and shall perform all the
duties required of the county superintendent in
this chapter. He shall give bond in the sum of
One Thousand Dollars ($1000.00), payable to and
to be approved by the county board of school
trustees of the respective counties and condi-
tioned for the faithful performance of his
duties. The salary of the ex officio superin-
tendent of public instruction in all counties
in Texas shall be, from and after September 1,
1936, paid from the state and county available
school fund."

The population of Coke County according to the
1940 Federal Census is four thousand five hundred ninety
(4590) inhabitants.

Article 3883, Vernon's Annotated Civil Statutes,
reads in part as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable William C. McDonald, Page 2

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this article shall be as follows:

"1.   In counties containing twenty-five (25,000) thousand or less inhabitants; county judge, . . . Twenty-four Hundred ($2400.00) Dollars; . . ."

Article 3891, Vernon's Annotated Civil Statutes, reads in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover cost of premium on whatever surety bond may be required by law.  If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, district and county officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3000.00). . . . "

Article 3888, Vernon's Annotated Civil Statutes, provides:

"In a county where the county judge acts as superintendent of public instruction, he shall receive for such services such salary not to exceed Nine Hundred Dollars ($900.00) a year as the county board of school trustees of the respective counties may provide.  The amount shall be paid in the manner specified in Chapter 49, Acts of the Forty-first Legislature, Fourth Called Session, (Article 2700d-1) and in Chapter 175, Acts of the



Forty-second Legislature, Regular Session, (Article 2827a)."

Article 3895, Vernon's Annotated Statutes, reads as follows:

"The commissioners' court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the commissioners' court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for public hearing and only upon the affirmative vote of at least three members of the Commissioners' court."

By virtue of the above mentioned statutes, a county judge in a county containing less than twenty thousand inhabitants, who is compensated on a fee basis, may retain the maximum of Twenty-four Hundred Dollars ($2400.00), and one-third of the excess fees, the maximum compensation and excess fees not to exceed Three Thousand Dollars ($3000.00), making it possible for the county judge to earn and retain a total of Three Thousand Dollars ($3000.00) per year as his maximum compensation. In this connection, it is to be noted that county officials in counties containing a population of twenty thousand (20,000) inhabitants or more must be compensated on an annual salary basis as prescribed by the "Officers Salary Law". In counties containing a population of less than twenty thousand inhabitants, it is optional with the commissioners' court whether said officers are to be compensated on an annual salary or fee basis, we are informed by the State Comptroller, the county officials of Coke County are compensated on a fee basis.

With reference to Article 3888, supra, we direct your attention to the fact that this article has been long construed by this department as being accountable as part of the maximum the officer could retain under the provisions of Article 3891, supra, and the county judge is not entitled to the compensation provided by Article 3888 over and above his maximum compensation arrived at by reason of said Article 3891.

It has been consistently held by former administrations of this office that the commissioners' court may allow a county judge ex officio compensation under Article 3895, in any amount within the discretion of that body so long as the total of fees earned plus ex officio may equal, but not exceed, the maximum allowed by law, in this instance, $3000.00.

In Opinion No. 2310, rendered by this department on March 9, 1921, and printed in the Attorney General's Reports and Opinions for 1920-22, page 297, it was held that the county judge, acting as ex officio county school superintendent was simply performing additional duties and the compensation for his services as ex officio county school superintendent constitute a fee as county judge.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that the maximum legal salary of the county judge of Coke County, who is ex officio county school superintendent, is Three Thousand Dollars ($3000.00) per annum.

Your question with reference to expenses which may be deducted in arriving at the maximum salary is very general and specifies no particular deduction that you may have in mind, therefore, it necessarily follows that we must answer the same in a general manner. The legal deductions that can be made are those which are specified in Article 3891 and Article 3899, said deductions to be made in compliance with said statutes.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Willi_____

Ardell Williams
Assistant

AW:LM

APPROVED JAN 16, 1941

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN